911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter X. CUNNINGHAM, a/k/a Romania Peter Cunningham,
Defendant-Appellant.
 No. 90-6526.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 9, 1990.
Decided July 23, 1990.
Rehearing and Rehearing In Banc Denied Sept. 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-87-201-A; CA-89-587-AM)
 Peter X. Cunningham, appellant pro se.
 Christopher Louis Cardani, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Peter X. Cunningham appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. Our review of the record and the district court's opinion discloses that this appeal is without merit.* Accordingly, we affirm on the reasoning of the district court. United States v. Cunningham, CR-87-201-A; CA-89-587-AM (E.D.Va. Jan. 10, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Cunningham claims on appeal that the district court incorrectly failed to find that his right of confrontation was violated when the confession of his non-testifying codefendant was admitted at their joint trial. Although this specific claim was not raised until Cunningham filed a brief in support of his petition (after respondent answered), his petition does claim that his codefendant's coerced statement was used to convict him. Without deciding whether Cunningham properly raised this point before the district court, we find his claim meritless
 The right of confrontation is denied when a codefendant's extrajudicial statements, incriminating the defendant, are admitted in a joint trial where the codefendant does not testify. Bruton v. United States, 391 U.S. 123 (1968). However, when a limiting instruction is given and the confession is redacted to eliminate the defendant's name and all references to him, the non-testifying codefendant's confession is admissible. Richardson v. Marsh, 481 U.S. 200 (1987). The Richardson court found that Bruton was limited to facially incriminating statements. Id. at 211. It expressed no opinion as to confessions in which the defendant's name was replaced by a symbol or neutral pronoun. Id. at 211 n. 5. Even if the defendant is linked to the codefendant's confession by other evidence introduced at trial, he is not denied a fair trial so long as the statement is not facially incriminating. See id. at 208-11.
 The trial court addressed this issue at length and applied the correct law. The court issued an appropriate limiting instruction. On its face, the codefendant's statement did not incriminate Cunningham. Only by linking it with other evidence introduced at trial was he implicated. His confrontation rights were thus not violated.